UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ERICA BALL                                              PLAINTIFF


VS.                            CIVIL ACTION NO. 3:06CV587TSL-JCS


ARGENT MORTGAGE COMPANY, LLC.,
MILLENNIUM REALTY, INC., PRECISION
ONE MORTGAGE, INC., KARLA HOOTEN,
LADONNA SPENCER, YVETTE BROWN,
KERRY FREEMAN, ARNELL MOORE,
RICHARD LINLEY AND JOHN DOES 1-20              DEFENDANTS


                MEMORANDUM OPINION AND ORDER

     This cause is presently before the court for consideration of
the motion of plaintiff Erica Ball to remand and for attorney's
fees.[1]  Defendant Millennium Realty, Inc. has responded in
opposition to the motion and the court, having considered the
memoranda of authorities submitted by the parties, concludes that
the motion is well taken and should be granted.

     On October 4, 2006, plaintiff Erica Ball filed a complaint in
the Chancery Court of Hinds County, Mississippi, in which she
alleged the following:  that she was solicited by defendants to
buy two parcels of property on Van Buren Road in Jackson; that
unbeknownst to her, the property was overvalued and unfairly
priced; that defendants obtained a fraudulent inflated appraisal

_____

        [1]   Although there are a number of other motions pending,
the court's resolution of the motion to remand obviates any need
to consider the remaining motions.

so that plaintiff could qualify for greater loan proceeds; that
defendants had her sign loan forms without filling out complete
information; and that defendants thereafter filled out the loan
papers, and in so doing, provided patently false information as to
plaintiff's employment and assets without plaintiff's knowledge.
Plaintiff alleges that in doing all these things, defendants
conspired to "create the loan and sell the Plaintiff the property
so that they could receive the benefits of having processed and
closed a home mortgage loan and to receive the benefits of
foreclosing on the loan when the plaintiff was unable to make the
payments."

Based on these allegations, plaintiff advanced a variety of
state-law fraud claims against defendants (e.g., fraudulent
misrepresentation and/or omission, constructive fraud, fraudulent
inducement, fraudulent deceit, fraudulent conveyance), for which
she sought equitable relief in the form of recision and
cancellation of the deeds of trust and removal of the cloud on the
property, an injunction against foreclosure and an accounting.  In
addition, she alleged claims for negligence, breach of the duty of
good faith and fair dealing, negligent and/or intentional
infliction of emotional distress, and violation of the Mississippi
Consumer Loan Broker Act, Miss. Code Ann. § 89-19-1 et seq., for
all of which she sought actual and punitive damages.

2

Millennium removed the case on the basis of federal question
jurisdiction, notwithstanding that plaintiff had expressly
disclaimed any federal claim or relief, stating:

> The plaintiff is not seeking any federal relief
> whatsoever and specifically waives any claims under
> federal law regulating or governing lending practices,
> including, but not limited to, any claims that could be
> brought under the Federal Truth-In-Lending Act and
> Regulation Z, the Federal Equal Credit Opportunity Act,
> the Federal Community Reinvestment Act of 1977, and/or
> the Federal Real Estate Settlement Procedures Act, or
> any other federal statute or regulation.

Plaintiff has now moved to remand, insisting that her complaint
does not support an exercise of federal question jurisdiction.
Millennium has responded, arguing that there is federal question
jurisdiction (1) because a determination of the validity of
plaintiff's putative state law claims will "necessarily turn on
this Court's application and construction of the Federal Truth in
Lending Act," as well as other federal statutes enacted to protect
consumer home buyers, and (2) because plaintiff has artfully pled
her claims so as to avoid federal jurisdiction and conceal the
true federal nature of her claims.  For the reasons that follow,
the court rejects Millennium's arguments.

The relevant jurisdiction principles, as summarized by this
court in Anderson v. Nissan Motor Acceptance Corp., 326 F. Supp.
2d 760, 764 (S.D. Miss. 2003), are restated here.  Under 28 U.S.C.
§ 1441, "any civil action brought in a State court of which the
district courts of the United States have original jurisdiction,

3

may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Thus, for the district court to have removal jurisdiction, 28 U.S.C. § 1441(a) requires that the case be one over "which the district courts of the United States have original jurisdiction."  District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The determination whether a plaintiff's claim arises under federal law is made by examining the "well pleaded" allegations of the complaint, ignoring potential defenses.  Under this "well pleaded complaint" rule, "'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. . . .'"  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (citations omitted).  Thus, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  Id.  See also Heimann v. National Elevator Indus. Pension Fund, 187 F.3d 493, 499 (5th Cir. 1999) ("It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

4

Because the well-pleaded complaint rule provides that jurisdiction will be determined based solely on the plaintiff's complaint, "the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law.  . . .  Accordingly, even if both federal and state law provide a remedy, the plaintiff can avoid federal jurisdiction by pleading solely state law claims--at the price, of course, of foregoing the federal remedies." Credit Acceptance Corp. v. Addison, 2000 WL 33324363, 2 (N.D. Miss. 2000) (citations omitted).  See also Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (stating that "when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction").  In other words, "[i]n the event a plaintiff asserts claims which have a basis in both federal and state law, the plaintiff as 'master' of his complaint may decline to press his federal claims in favor of litigation premised exclusively on state law-effectively defeating the possibility of removal, but accepting the risk that his federal claim may be barred." Willis v. Life Ins. Co. of Ga., Civ. Action No. 4:00CV323-P-B (N.D. Miss. May 31, 2001)).  This is precisely what plaintiff has attempted to do here, as made plain by the fact that no federal claim is apparent on the face of her complaint and the fact that she has

explicitly declared that she waives any claim under federal law and disclaims any federal remedy.

There are exceptions to the well-pleaded complaint rule, two of which have been invoked by Millennium.  One, the artful pleading rule, holds that "a plaintiff may not defeat removal by omitting to plead necessary federal questions."  See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22, 103 S. Ct. 2841, 2853, 77 L. Ed. 2d 420 (1983).  However, the Fifth Circuit has made it clear that in the absence of complete preemption, the artful pleading exception does not apply.  See Waste Control Specialists, LLC v. Envirocare of Texas, Inc., 199 F.3d 781, 783 (5th Cir. 2000).  Neither the Truth in Lending Act, nor any of the other federal statutes cited by Millennium in support of its argument (e.g., Equal Credit Opportunity Act, Real Estate Settlement Procedures Act) completely preempts state law and therefore, Millennium's reliance on the artful pleading doctrine as a path to federal court is misguided.  See Willis, Civ. Action No. 4:00CV323-P-B, slip op. at 5-6 ("only in situations where the federal legislation completely preempts state law is removal proper"); Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 592 (S.D. Miss. 2000) (relying on Waste Control Specialists, refusing to perform an "artful pleading" analysis, and rejecting a claim that TILA preempted Mississippi state law fraud claims).

Millennium contends alternatively that plaintiff's complaint requires interpretation of federal law, specifically, the Truth in Lending Act (TILA), and therefore presents a substantial federal question.  Even where a plaintiff's "well pleaded" complaint does not state a claim for violation of federal law, it may present a substantial federal question that will give rise to federal question jurisdiction.  In <u>Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005), the Supreme Court reaffirmed the vitality of the "substantial federal question" jurisdiction doctrine, which holds that in certain cases where plaintiff has not asserted a federal cause of action in his complaint, federal question jurisdiction will nevertheless lie over a plaintiff's state-law claims that implicate significant federal issues."  125 S. Ct. at 2367.  Underlying this doctrine is "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  <u>Id.</u>  The question, the Court wrote, is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Id.</u> at 2368.

7

Here, the first requisite for jurisdiction based on a substantial federal question is lacking.  Millennium merely declares that "this Court will be required to examine the Truth in Lending Act, in order to determine the validity of the Plaintiff's claims."  However, the fact that a federal court may be required to refer to a federal law or standard to resolve a plaintiff's state law claims does not give rise to federal question jurisdiction unless the federal issue is "actually disputed and substantial."  See id.  That is not the case here.  Cf. Smith v. American International Group, Inc., No. 2:05-CV-1065-MEF, 2006 WL 319180 (M.D. Ala. Feb. 10, 2006) (rejecting the defendants' attempt to remove under TILA using Grable, noting that the court "has not been directed to, and is not aware of, any case finding federal jurisdiction on the basis of TILA when state law claims not invoking TILA have been asserted"); Cavette v. Mastercard Int'l, Inc., 282 F. Supp. 2d 813, 818-19 (W.D. Tenn. 2003) (pre-Grable case holding that a plaintiff's common law tort claims and claims under the Tennessee Consumer Protection Law did not depend on "substantial" or "necessary" interpretations of TILA and other federal regulations).

Moreover, even if the case presented a "substantial" disputed issue of federal law, the Court in Grable stressed that an exercise of federal jurisdiction is warranted only if the disputed federal issue is "so important that it 'sensibly belongs in

8

federal court'."  <u>Id</u>. at 2368.  This second <u>Grable</u> prong requires the federal court to determine whether it may entertain the lawsuit without "disturbing any congressionally approved balance of federal and state judicial responsibilities," a determination which rests on the importance of having a federal forum decide the issue and the effect of exercising jurisdiction on the balance of federal-state division of responsibilities.  <u>Grable</u>, 125 S. Ct. at 2368.  <u>See</u> <u>Evans v. Courtesy Chevrolet II, LP</u>, 423 F. Supp. 2d 669, 671 (S.D. Tex. 2006).  Addressing this second prong, the court in <u>Evans</u> explained that "[u]nlike the federal tax code [at issue in <u>Grable</u>], TILA specifically includes provisions preserving a state court's enforcement of the disclosure requirements," and concluded that "TILA's language indicates that Congress did not deem it important for federal courts to decide all cases that might raise TILA issues.  <u>Id</u>. at 671-72 (citing 15 U.S.C. § 1610 ("Except as provided in subsection (e) of this part, parts B and C of this subchapter *do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions*, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only

to the extent of the inconsistency. . . .") (emphasis added)).[2]

The court further aptly observed that

> Unlike Grable, which featured a "rare" quiet title
> action that necessarily required interpretation of the
> federal internal revenue code, cases by an individual
> against a creditor for allegedly improper practices
> relating to an installment sales contract for an
> automobile are anything but rare.  In [Leggette v.
> Washington Mutual Bank, No. 3:03-cv-2909-D, 2005 WL
> 2679699, (N.D. Tex. Oct. 19, 2005)], the court
> determined that "[e]xercising federal jurisdiction over
> home foreclosure disputes typically governed by private
> contract and state law portends a significant transfer
> of judicial responsibilities from state to federal
> courts."  2005 WL 2679699, at *4.  Allowing federal
> jurisdiction in all cases arising out of disputes over
> disclosures in installment contracts for purchasing cars
> similarly portends a significant transfer of judicial
> responsibilities from state to federal courts.

Id.  Although Evans involved an installment sales contract for an

automobile, the court's observations, with which this court

concurs, are no less pertinent to other similar sales/finance

transactions.  This case thus does not present a "substantial

federal question" supporting an exercise of federal jurisdiction.

       For the reasons given, this court concludes that federal

---

[2]       The court observed that a number of courts, including
this court, have pointed to this language in rejecting claims that
TILA preempts state-law claims such as those raised by Evans.
See, e.g., Alexiou v. Brad Benson Mitsubishi, 127 F. Supp. 2d 557,
560 (D.N.J. 2000); Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583,
590 (S.D. Miss. 2000); McCrae v. Commercial Credit Corp., 892 F.
Supp. 1385, 1386-87 (M.D. Ala. 1995) ("The TILA does not contain a
civil enforcement provision that requires complete preemption of
law, nor is there any other manifestation that Congress intended
preemption."); Heastie v. Cmty. Bank of Greater Peoria, 690 F.
Supp. 716, 720 (N.D. Ill. 1988) (same).

jurisdiction is lacking, and accordingly, it is ordered that

plaintiff's motion to remand is granted.[3]

SO ORDERED this 6th day of March, 2007.


                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE

---

[3]      The court declines plaintiff's request for an award of
attorney's fees for Millennium's improvident removal.